Filed 12/3/13  P. v. Ortiz CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B246027 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  VA126147) |
| v. | |
| JULIO CESAR ORTIZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Cowell, Judge.  Affirmed.

Nadezhda M. Habinek, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

_____

On September 19, 2012, an information was filed charging appellant Julio Cesar Ortiz with a single count of possession of a controlled substance (methamphetamine) in violation of Health and Safety Code section 11377, subdivision (a). It was further alleged that appellant had suffered a prior strike conviction -- attempted carjacking (Pen. Code, §§ 664/215(a)) in April 2006 for purposes of Penal Code sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i), and that he had suffered two prior convictions -- attempted carjacking and second degree burglary (§ 459) -- within the meaning of Penal Code section 667.5, subdivision (b).

Appellant pled not guilty. He admitted the priors. Two deputies testified to seeing appellant discard a small white bindle in a motel parking lot. The parties stipulated that a white plastic bindle collected by deputies at the time of appellant's arrest contained .25 grams of methamphetamine. Testifying on his own behalf, appellant denied discarding the bindle. The jury found appellant guilty as charged.

The court denied appellant's motion to strike the strike. The court struck the Penal Code section 667.5, subdivision (b) allegations. The court sentenced appellant to a term of six years, the upper term of three years doubled due to the strike prior. Appellant was given credit for 284 days of custody, 142 actual and 142 good time/work time. The court imposed a $30 criminal conviction assessment pursuant to Government Code section 70373, a $40 court operations assessment pursuant to Penal Code section 1465.8, subdivision (a)(1), and a restitution fine of $240 pursuant to Penal Code section 1202.4, subdivision (b). A parole restitution fine of $240 pursuant to Penal Code section 1202.45 was imposed and stayed.

After examination of the record, appointed appellate counsel filed a brief raising no issues, but asking this court to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (See *Smith v. Robbins*

(2000) 528 U.S. 259, 264.)  On August 2, 2013, we advised appellant he had 30 days within which to submit by brief or letter any contentions or argument he wished this court to consider.  No response was received.

This court has examined the entire record in accordance with *People v. Wende, supra,* 25 Cal.3d at pages 441 to 442, and is satisfied appellant's attorney has fully complied with the responsibilities of counsel, and no arguable issues exist.  Accordingly, we affirm the judgment of conviction.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.


We concur:


EPSTEIN, P. J.


WILLHITE, J.